COM
Jacqueline Manzano
1951 Corvette Street
Las Vegas, Nevada 89142
702-788-0599
*Plaintiff in proper person*

2012 OCT 18  P 3: 03

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT NEVADA

| | |
|---|---|
| JACQUELINE MANZANO, <br><br>Plaintiff(s), <br><br>-vs- <br><br>NCC, COMMONWEALTH FINANCIAL SYSTEMS, INC., and DOES I through 20, inclusive, <br><br>Defendant(s). | CASE NO. <br><br>VERIFIED COMPLAINT |

## ORIGINAL VERIFIED COMPLAINT

COMES NOW Plaintiff, Jacqueline Manzano, in proper person, hereby sues Defendant, Commonwealth Financial Systems, Inc. for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii) and claims the following;

### I. INTRODUCTION

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendants for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii) and for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.;* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts and of state law

obligations brought as supplemental claims including, but not limited to, harassment.

2. Plaintiff intends to propound discovery to Defendants identifying these other Doe individuals who have or may have joined in the alleged violations, and thereby requests this court grant leave to amend the Plaintiffs complaint to add additional parties.

3. Plaintiff hereby requests this court grant leave to amend this complaint to add additional calls currently unknown to Plaintiff that may have been placed to Plaintiff's cellular phone by Defendants CFS.

4. Plaintiff contends that the Collection Company Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged but nonexistent debt.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

## III. PARTIES

7. Plaintiff, Jacqueline Manzano, is a natural person and is a resident of Clark County, State of Nevada.

8. Upon information and belief Defendant, Commonwealth Financial Systems, Inc. is a foreign corporation, authorized to do business in the State of Nevada.

9. Defendant, Commonwealth Financial Systems, Inc. is an unknown entity formerly doing business as Northeast Credit and Collections ("NCC").

10. Defendant Commonwealth Financial Systems, Inc. (hereinafter "CFS") is a debt collecting corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendants regularly attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) attempting to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

12. Discovery of the FDCPA violations brought forth herein occurred within one year and said violations are within the statute of limitations as defined in the Fair Debt Collection Practices Act, FDCPA, 15 U.S.C. § 1692 *et seq.*

13. Discovery of the TCPA violations brought forth herein occurred within the statute of limitations as defined in the Telephone Consumer Protection Act, TCPA 47 U.S.C. §227 *et seq.*

14. Does 1-20 (the "Collectors") are individual collectors employed by CFS and whose identities are currently unknown to the Plaintiff. One or more of the Debt Collectors may be joined as parties once their identities are disclosed through discovery.

## IV. FACTUAL ALLEGATIONS

15. This is a case of willful and intentional abusive debt collection misconduct and harassment, perpetrated by an unknown debt collecting entity.

16. From July 12th thru October 9th of 2012, the unknown Defendant, CFS violated the TCPA by placing 19 calls using automatic telephone dialing system or artificial or prerecorded voices to Plaintiffs cell phone.

17. From July through October of 2012, CFS violated the TCPA by calling Plaintiff's cell phone 19 times with no prior permission given by Plaintiff.

18. From the months of July through October of 2012 the Defendants CFS violated the TCPA by placing multiple artificial and prerecorded voice messages ("voice prompts") to Plaintiffs cell phone without express permission.

19. The prerecorded calls that Defendant placed to Plaintiffs cell phone were directed to another individual unknown to the Plaintiff.

20. The statute prohibits placing a call that uses an artificial or prerecorded voice to a person's cell phone without the prior consent of the called party. ***"On May 11, the US Court of Appeals for the Seventh Circuit held that the Telephone Consumer Protection Act (TCPA) requires consent from a cell phone subscriber to receive automated calls- even if a former subscriber to the same number had previously given consent to be contacted."***

21. The FDCPA is also designed to protect consumers. The FDCPA is a strict liability statute. "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S., supra* at 33; *see also Taylor v. Perrin Landry, deLaunay &*

*Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *Bentley v. Great Lakes Collection Bureau, supra,* at 62; *Clomon v. Jackson, supra,* at 1318.

22. Upon information and belief the Defendant placed multiple calls to Plaintiffs cell phone in an attempt to collect an alleged debt and repeatedly invaded the privacy of the Plaintiff.

23. Plaintiff sent the Defendant CFS a letter on October 9th, 2012 by certified mail (# 7010 0290 0003 1520), and by Fax on 10/14/2012, in an attempt to mitigate and resolve this matter prior to filing suit with the US District Court.

24. Defendant CFS corresponded with Plaintiff via email, on October 18, 2012, however, the parties were not able to agree and resolve.

### V. COUNT ONE
### VIOLATIONS OF THE TELEPHONE
### COMMUNICATIONS ACT 47 U.S.C. §§ 227 *et seq.*

25. Plaintiff incorporates all preceding paragraphs as fully set forth herein.

26. Defendant, CFS is an unknown entity.

27. Defendant CFS has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

28. An unintentional call carries the basic statutory damages; an intentional call carries treble statutory damages per each consecutive violation.

29. Upon information and belief, Defendant CFS has placed about 21 calls to Plaintiffs cell phone, in violation of 47 U.S.C. §227(b)(1)(A) by placing multiple calls to Plaintiff cell phone and Plaintiff is entitled to treble damages per violation after the initial call pursuant to 47 U.S.C. §227(b)(3)(B).

30. Plaintiff has documented evidence of 19 calls. **(Please see Plaintiffs EXHIBIT A, attached hereto)**

31. Defendant CFS has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The last 18 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were willful and intentional.

32. Defendant CFS has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given CFS permission to call

Plaintiffs cell phone. Plaintiff is entitled to damages for 19 calls per violation pursuant to 47 U.S.C. §227(b)(3)(B).

33. The statute prohibits placing a call that uses an artificial or prerecorded voice to a person's cell phone without the prior consent of the called party.

34. This is a case where the caller ID shows up as "unknown" with the number 702-576-0635. When the number 702-576-0635 is called, a recorded message states in part, the following; **"Thank you for calling NCC a division of Commonwealth and Financial Services."**

35. Plaintiff and CFS do not have an established business relationship within the meaning of 47 U.S.C. §227.

36. The TCPA provides in relevant part that it shall be unlawful for any person within the United States "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service." 47 U.S.C.A. § 227(b)(1)(A)(iii). Further, in subparagraph (b)(3)(B) of that same section, the act states "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State . . . an action to recover for actual monetary loss from such a violation, or to receive the statutory amount of damages for each such violation, whichever is greater." Id. § 227(b)(3)(B). If a court finds that a defendant "willfully or knowingly" violated subsection (b) or the regulations prescribed under that subsection, "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under [subparagraph (b)(3)(B)]." Id. Subsection (e) of the TCPA, titled "Effect on State Law," provides in relevant part that, with certain exceptions not at issue here, the TCPA and regulations prescribed thereunder shall not "preempt any State law that imposes more restrictive intrastate requirements or regulations on, or which prohibits . . . the use of automatic telephone dialing systems . . . [or] the use of artificial or prerecorded voice messages." Id. § 227(e)(1).

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants, for actual or statutory damages, any punitive damages and any attorney's fees and costs incurred.

## VI. COUNT TWO
## VIOLATIONS OF THE FAIR DEBT COLLECTION
## PRACTICES ACT15 U.S.C. §1692e and §1692f
## And for Violation of NRS 649.370

1. Plaintiff is an individual and a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).
2. Defendant, CFS is an unknown entity and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) attempting to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).
3. Discovery of the FDCPA violations brought forth herein occurred within one year and said violations are within the statute of limitations as defined in the Fair Debt Collection Practices Act, FDCPA, 15 U.S.C. § 1692 *et seq.*
4. Defendants violations include but are not limited to the following;
5. Defendants willfully violated 15 U.S.C.§1692e by making false and misleading representations in their autodialed and recorded calls to Plaintiff, in connection with its attempt to collect an alleged debt directed to the wrong party.
6. Defendants willfully violated 15 U.S.C. §1692f by willfully and negligently using unfair and unconscionable means to collect an alleged debt, by repeatedly placing autodialed and recorded calls to Plaintiff's cell phone, thereby, confusing the least sophisticated consumer by asking for an unknown party and directing Plaintiff to press numbers on the phone key pad for identity purposes on the Plaintiffs cellular phone, thereby confusing the Plaintiff to the point of frustration.
7. These calls were placed by Defendant CFS to Plaintiff's cell phone multiple times and with reckless disregard of the privacy rights of the Plaintiff.
8. Thereby, CFS violated 15 USC §1692 d of the FDCPA, because the consequences of the Defendants conduct did in fact harass, oppress and abuse the Plainitff.
9. Defendant CFS is in violation of NRS 649.370 for using an automated device in their attempt to collect an alleged debt, and in gross disregard of the privacy right of the Plaintiff.
10. NRS 649.370: A collection agency, or its manager, agents or employees, shall not: Use any device, subterfuge, pretense or deceptive means or representations to collect any debt.

11. Defendants placed multiple calls to Plaintiff and the caller ID is **"unknown"** from the number **702-576-0635**, as reflected in Plaintiffs **EXHIBIT A**, attached hereto.

12. Defendant CFS knew or should have known that their repeated calls were directed to the wrong party, resulting in multiple violations of both federal and state law for its willful, intentional unfair and deceptive conduct.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendants, for statutory violations of the FDCPA and NRS, any punitive damages to be determined by this honorable court, any attorney's fees and costs incurred.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted:                Dated this 18th day of October, 2012

By: _____
Jacqueline Manzano
1951 Corvette St.
Las Vegas, Nevada 89142
*Plaintiff in proper person*

## VERIFICATION

I am over the age of 18 and competent to certify that all the above statements are true, correct, complete and not misleading, to the best of my knowledge, information and belief. I understand that a false statement in this Verified Complaint may subject me to penalties of perjury.

Respectfully submitted:          Dated this 18TH day of October, 2012

By _____
Jacqueline Manzano
1951 Corvette St.
Las Vegas, Nevada 89142
*Plaintiff in proper person*

# Plaintiff's EXHIBIT "A"

Plaintiff's list of times and dates she received unknown automated calls from 702-576-0635

*This number (702-576-0635) belongs to= Commonwealth Financial Systems, Inc., a foreign entity located in PA.*

1. Thursday, 7/12/2012, at 10:58am
2. Monday, 8/7/2012, at 1:26pm
3. Wednesday, 8/8/2012, at 12:43pm
4. Thursday, 8/9/2012, at 5:13pm
5. Friday, 8/10/2012, at 11:14 am
6. Monday, 8/13/2012, at 4:45pm
7. Friday, 8/17/2012, at 1:22pm
8. Monday, 8/20/2012, at 1:37pm
9. Tuesday, 8/21/2012, at 9:17am
10. Friday, 8/24/2012, at 12:55pm
11. Tuesday, 8/28/2012, at 8:25am
12. Thursday, 9/6/2012, at 8:44am
13. Friday, 9/7/2012, at 11:06am
14. Saturday, 8/8/2012, at 8:37am
15. Monday 9/10/2012, at 2:06pm
16. Thursday, 9/13/2012, at 9:18am
17. Friday, 9/14/2012, at 1:50pm
18. Wednesday, 10/03/2012, at 2:57pm
19. Thursday, 10/04/2012, at 8:56am
20. Tuesday, 10/9/2012, at 11:42am

**PLAINTIFF'S EXHIBIT A**